***E-FILED - 7/23/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT PULLEY,<br><br>    Petitioner,<br><br>  vs.<br><br>C.M. HARRISON, Warden,<br><br>    Respondent. | No. C 06-0061 RMW (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for twenty counts of lewd acts on a child under the age of fourteen (Cal. Pen. Code § 288(a)) and one count of intimidating a witness (Cal. Pen. Code § 137(b)). This petition was filed in the Central District of California on November 8, 2005. On January 9, 2006, the petition was transferred to this court. On October 10, 2006, this court dismissed seven of petitioner's claims for failure to state a cognizable basis for federal habeas relief, found the one remaining claim to be cognizable, and ordered respondent to show cause why the petition should not be granted based on the cognizable claim. On October 30, 2006, petitioner filed an amended petition setting forth in expanded form the one claim that the court had found to be cognizable in

the October 10, 2006 order.[1]  Respondent filed an answer addressing the merits of the amended petition, and petitioner filed a traverse.  After reviewing the papers and the underlying record, the court concludes that petitioner is not entitled to habeas relief and denies the petition.

## BACKGROUND[2]

Petitioner had been living with the victim's family for some time.  In 1999, both while he was living there and after he had moved, petitioner babysat the victim on twenty separate occasions.  On each occasion he molested her.  The victim came forward several years after this series of incidents.  When confronted with her accusation, petitioner verified her report.  On August 1, 2003, petitioner pled guilty to twenty counts of lewd act on a child under the age of fourteen (Cal. Pen. Code § 288(a)) and one count of intimidating a witness (Cal. Pen. Code § 137(b)).

On October 24, 2003, petitioner was sentenced to forty-nine years in state prison.  Under California law, a defendant can be sentenced to an "upper, middle, or lower term on each count for which the defendant has been convicted" upon consideration of "circumstances in aggravation or mitigation" of the crime.  Cal. Rules of Court §§ 4.420(a)-(b).  Section 288(a)[3] is punishable by three, six, or eight years in state prison.  The trial court found two aggravating circumstances; that petitioner "took advantage of a position of trust or confidence to molest this child" and that petitioner's prior convictions "as an adult are numerous and of increasing seriousness."  Reporter's Transcript, October 24, 2003 ("RT") at 23 (citing Cal. Rules of Court §§ 4.421(a)(11), (b)(2)).  The court also

---

[1] The amended petition superseded the original petition.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

[2] A detailed factual account of the crimes is not necessary because petitioner's claim challenges his sentence, not his conviction.  These facts are taken from the unpublished opinion of the California Court of Appeal, First Appellate District.  People v. Pulley, No. A104526, 2004 Cal. App. Unpub. LEXIS 7991 (Cal. Ct. App. Aug. 31, 2004).

[3] Unless otherwise specified, this and all further statutory references are to the California Penal Code.

found that these aggravating circumstances outweighed the one mitigating circumstance -- that petitioner "acknowledge[d] wrongdoing at an early stage of the criminal process." RT at 23 (citing Cal. Rules of Court § 4.423(b)(3)). In accordance with those findings, the court sentenced petitioner to the upper term of eight years for one of the counts of violating section 288(a). The aggravated sentence for this one count is the issue being considered in this petition. For each of the remaining nineteen counts of violating section 288(a), petitioner was sentenced to nineteen consecutive two-year terms.[4] Finally, petitioner was sentenced to one consecutive three-year term (the midterm) for the one count of violating section 137.

Petitioner appealed the judgment to the California Court of Appeal, which affirmed Petitioner's conviction and sentence on August 31, 2004. The Supreme Court of California denied Petitioner's petition for review on November 10, 2004. The instant petition followed.

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The

---

[4] Two years represents one third of the six-year midterm for a section 288(a) violation.

first prong applies both to questions of law and to mixed questions of law and fact, Williams (Terry) v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry), 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Where, as here, the highest state court to consider petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of petitioner's claims is the unpublished opinion of the California Court of Appeal. See Pulley, 2004 Cal. App. Unpub. LEXIS 7991.

**B.    Petitioner's Claim**

Petitioner's claim challenges the upper term of eight years that he received on one of the twenty counts of committing lewd acts on a child under the age of fourteen under California. Penal. Code section 288(a). The upper term was justified by the trial court's finding that the two aggravating circumstances – that petitioner "took advantage of a position of trust or confidence to molest this child" and that petitioner's prior convictions

1  "as an adult are numerous and of increasing seriousness" – outweighed the one mitigating
2  circumstance – that petitioner "acknowledge[d] wrongdoing at an early stage of the
3  criminal process". RT at 23 (citing Cal. Rules of Court §§ 4.421(a)(11), (b)(2) &
4  4.423(b)(3)). He claims that this sentence violates his Sixth and Fourteenth Amendment
5  rights to a jury because the aggravating circumstances were found by the trial judge and
6  not the jury. Petitioner also argues that his Sixth and Fourteenth Amendment rights were
7  violated because he was not given notice in the charging documents of the allegations of
8  prior convictions. See Traverse at 10.

### 1. Retroactive Application of *Cunningham*

Petitioner's claim is based on the United States Supreme Court decision in Cunningham v. California, 127 S. Ct. 856 (2007), which held that California's determinate sentencing law violated the Sixth and Fourteenth Amendment right to a jury trial because "circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt[.]" Id. at 868. In Cunningham, the Court's decision was based upon its prior decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (1999), and United States v.Booker, 543 U.S. 220 (2005). See Cunningham, 127 S.Ct. at 871. Petitioner argues that, even though Cunningham had not been decided until 2007, years after petitioner's sentence became final in 2004, the decision nevertheless applies retroactively to his case.

In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based on a new constitutional rule of criminal procedure announced after his conviction and sentence became final.[5] Teague v. Lane, 489 U.S. 288, 310 (1989). In order to determine whether a constitutional rule is new, the court

---

[5] The two narrow exceptions to general rule, permitting new rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," and that are "implicit in the concept of ordered liberty" to apply retroactively, are not applicable in this case. Teague, 489 U.S. at 311 (internal citations omitted).

must "survey the legal landscape as it then existed" and determine whether a court, considering the defendant's claim at the time his conviction became final, would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution. Caspari v. Bohlen, 510 U.S. 383, 390 (1994). The inquiry must focus on whether the rule was dictated by precedent, i.e., whether no other interpretation was reasonable. Lambrix v. Singletary, 520 U.S. 518, 538 (1997). Put simply: "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301.

In Butler v. Curry, No. 07-56204, 2008 U.S. App. LEXIS 12324 (9th Cir. June 9, 2008), the Ninth Circuit determined that "the Supreme Court held for the first time that California's sentencing scheme violates the Sixth Amendment does not render its decision in Cunningham a new rule." Id. at *24. Butler was sentenced to the upper term of the range based on two aggravating factors found by the trial judge; that his "victim was particularly vulnerable" and that Butler was on "probation. . . when the crime was committed[.]" Id. at *10 (citing Cal. Rules of Court §§ 4.421(a)(3), (b)(4)). A month after Butler filed a petition for writ of habeas corpus in federal district court, the United States Supreme Court decided Cunningham. In deciding whether to affirm the district court's grant of a conditional writ of habeas corpus, the Ninth Circuit "survey[ed] the legal landscape as it then existed," see Caspari, 510 U.S. at 390, and determined that the Supreme Court's decision in Cunningham was compelled by existing Sixth Amendment case law at the time Butler's conviction became final. Butler, 2008 U.S. App. LEXIS 12324, at *19. The court determined that the Supreme Court's decisions in "Apprendi, Blakely, and Booker, firmly established that a sentencing scheme in which the maximum possible sentence is set based on facts found by a judge is not consistent with the *Sixth Amendment*." Butler, 2008 U.S. App. LEXIS 12324, at *20.

Cunningham is not a new constitutional rule. Butler, 2008 U.S. App. LEXIS 12324, at *24. Therefore, its mandate that upper term sentences may only be imposed when juries, not judges, find circumstances in aggravation beyond a reasonable doubt is

1  applicable to petitioner's sentence despite of the fact that Cunningham was decided after
2  petitioner's sentence became final on direct review.

3    **2. Exhaustion**

4    Respondent claims that petitioner has failed to exhaust his state court remedies, as
5  is necessary in order for his federal habeas corpus claims to be considered.
6  §2254(b)(1)(A). Respondent relies on the premises that "a state prisoner who believes
7  that some decision of the United States Supreme Court subsequent to the state court
8  decision in his case requires that his conviction or sentence be set aside should first
9  pursue any state remedy. . . before applying for a federal writ of habeas corpus." Mem. of
10 P. & A. at 7 (quoting Blair v. California, 340 F.2d 741, 745 (9th Cir. 1965)). Thus,
11 respondent argues that, "to the extent petitioner seeks application of Cunningham to his
12 case, he should return to state court to present his upper term sentencing claim in light of
13 Cunningham." Mem. of P. & A. at 7. The State in Butler presented an identical
14 argument to the Ninth Circuit. Butler, 2008 U.S. App. LEXIS 12324, at *33. The court
15 determined that "[w]here there is no new rule announced, the state court has had a fair
16 chance to address the issue when it was raised, and there is no reason to require further
17 exhaustion." Id. at *33-34. Accordingly, under Butler, respondent's exhaustion
18 argument fails.

19   **3. Constitutional Violation**

20     **a. Sixth Amendment Right to a Jury and to Notice in Sentencing**

21   In Apprendi, the Supreme Court held that any fact that increases the penalty for a
22 crime beyond the prescribed statutory maximum must be submitted to a jury and proved
23 beyond a reasonable doubt. Apprendi, 530 U.S. at 466. In Blakely, the Supreme Court
24 explained that "the statutory maximum for Apprendi purposes is the maximum sentence a
25 judge may impose solely on the basis of the facts reflected in the jury verdict or admitted
26 by the defendant." Blakely, 542 U.S. at 303. This meant that the "the middle term
27 prescribed in California's statutes, not the upper term, is the relevant statutory
28 maximum." Cunningham, 127 S. Ct. at 868. In Cunningham, the Supreme Court, citing

1  Apprendi and Blakely, held that California's Determinate Sentencing Law violates a
2  defendant's right to a jury trial to the extent that it contravenes "Apprendi's bright line
3  rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond
4  the statutory maximum must be submitted to a jury, and proven beyond a reasonable
5  doubt.'" Id. (quoting Apprendi, 530 U.S. at 490).

6        Pulling from the same precedential authority, not only does petitioner have a right
7  to have a jury determine factors in aggravation, but also, he has a right to be notified of
8  what factors will be before the jury. It is clearly established federal law that a criminal
9  defendant has a Sixth Amendment right to be informed of any charges against him, and
10 that a charging document, such as an information, is the means by which such notice is
11 provided. Gautt v. Lewis, 489 F.3d 993, 1004 (9th Cir. 2007) (citing Cole v. Arkansas,
12 333 U.S. 169, 201 (1948)). In Apprendi, the Court made clear that other than the fact of a
13 prior conviction, any fact that increases the penalty for a crime beyond the prescribed
14 statutory maximum must be submitted to a jury and proved beyond a reasonable doubt,
15 and therefore must be charged in an information or indictment as well. See Jones v.
16 Smith, 231 F.3d 1227, 1236 (9th Cir. 2001) (citing Apprendi, 530 U.S. at 488-90).

17         **b.**    **"Prior Conviction Exception" to the Sixth Amendment**

18       There is no constitutional error in this case because of the prior conviction
19 exception to the general rule in Apprendi, which providing that "the fact of a prior
20 conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable
21 doubt." Butler, 2008 U.S. App. LEXIS 12324, at *39 (citing Almendarez-Torres v.
22 United States, 523 U.S. 224, 244 (1998)). "[O]ur reexamination of our cases in this area,
23 and of the history upon which they rely confirms" that the right to a jury applies to all
24 sentencing factors, "[o]ther than the fact of a prior conviction." Apprendi, 530 U.S. at
25 490. Additionally, "[c]onsistent with this tradition," the Court has found "that a State
26 need *not* allege a defendant's prior conviction in the indictment or information" in order
27 for it to be considered in sentencing. Almendarez-Torres, 523 U.S. at 243. In sum, the
28 United States Supreme Court carved out a "prior conviction exception" to the right to a

jury determination of and the right to be notified of sentencing factors that has been consistently recognized.  See Apprendi, 530 U.S. at 490 (citing Almendarez-Torres, 523 U.S. at 243-44).

Here, petitioner was sentenced to the upper term of eight years on one count of section 288(a) based on two aggravating factors - - that he had prior convictions and that he had abused a position of trust.[6]  When sentencing, the trial court cited fourteen prior convictions on petitioner's record in both Oregon and California.  RT at 23.  The offenses in California alone range in seriousness from disobedience in court (California Penal Code Section 166.4) to burglary (California Penal Code Section 459).  Id.  Petitioner's prior convictions clearly fall into the "prior conviction" exception from Almendarez-Torres and Apprendi.  As such, petitioner was not entitled to a jury determination of that aggravating circumstance and he was not entitled to notice that his prior convictions were going to be considered to increase his sentence.

Petitioner argues that Almendarez-Torres was "incorrectly decided" because it "represents at best an exceptional departure from" precedent.  Traverse at 11 (citing Apprendi, 530 U.S. at 487, 489).  However, the Ninth Circuit has recognized that "the Supreme Court has not overruled the Almendarez-Torres exception for prior convictions" and therefore the "obligation to apply the Almendarez-Torres exception [remains] unless and until it is rejected by the Supreme Court."  Butler, 2008 U.S. App. LEXIS 12324, at *45-46.  Therefore, consistent with the Sixth and Fourteenth Amendments, petitioner's prior convictions could be considered by the trial court in imposing the upper term sentence without a jury determination beyond a reasonable doubt and without notice to petitioner of the prior convictions.

The fact that the trial court also found a second aggravating circumstance – that petitioner abused a position of trust – does not alter this conclusion.  "[U]nder California law, only one aggravating factor is necessary to set the upper term as the maximum

---

[6] These factors out weighed the one mitigating factor - - that petitioner admitted to wrongdoing at an early stage.

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.Rmw\HC.06\Pulley061den.wpd           9

1  sentence." Id. at *43-44.  "If at least one of the aggravating factors on which the judge
2  relied in sentencing [petitioner] was established in a manner consistent with the Sixth
3  Amendment, [petitioner's] sentence does not violate the Constitution." Id. at *44.
4  Therefore, as it was within the trial court's discretion to sentence petitioner to the
5  aggravated term based solely upon his prior convictions, petitioner's sentence is
6  constitutional irrespective of "[a]ny additional factfinding" with respect to an additional
7  aggravating circumstance.  Id.

8        Petitioner's upper term sentence on one count of section 288(a) was constitutional
9  because the trial court was allowed to consider prior convictions as aggravating the
10 sentence without a jury determination beyond a reasonable doubt and without notice to
11 the petitioner.  Because the trial court relied upon at least one factor "established in a
12 manner consistent with the Sixth Amendment," it was then justified in balancing the
13 second aggravating circumstance and the mitigating circumstance in determining the
14 petitioner's ultimate sentence also without a jury or notice to the petitioner.  See Butler,
15 2008 U.S. App. LEXIS 12324, at *44.  Consequently, pursuant to the "prior conviction
16 exception," the upper term sentence petitioner received on one of the counts of violating
17 section 288(a) did not violate his Sixth and Fourteenth Amendment rights.

18     **4.     Harmless Error**

19       Even if petitioner was sentenced in violation of the Sixth Amendment, that is, if
20 the trial court was not allowed to consider the second aggravating circumstance, any
21 constitutional error was harmless.  Petitioner would only be entitled to relief if the
22 constitutional error "had substantial and injurious effect" on petitioner's sentence.  Brecht
23 v. Abrahamson, 507 U.S. 619, 623 (1993); see also Butler, 2008 U.S. App. LEXIS 12324,
24 at *59-60 (citing Washington v. Recuenco, 548 U.S. 212, 220-221 (2006) which held that
25 sentencing errors are subject to the harmless error analysis).

26       The California Court of Appeals recognized Almendarez-Torres "prior conviction
27 exception" and dismissed any challenge to it.  Pulley, 2004 Cal. App. Unpub. LEXIS
28 7991, *12.  The court only evaluated the effect of the trial court's consideration of the

second aggravated circumstance – that petitioner had taken advantage of a position of trust -- on the petitioner's sentence.  Id.  The court found the imposition of the aggravated sentence harmless for two reasons.  First, it was clear "that the trial court would not have chosen a lesser sentence even without the finding that defendant took advantage of position of trust to commit the crimes" and, second, "that it is nearly inconceivable that a jury would reach a different conclusion where defendant admitted to the police that he committed the crimes while acting as the victim's babysitter."  Id. at *13 & n.3.

Petitioner argues that the factual determinations of whether *trust* was established are "subjective in nature" and that it is impossible to determine how a jury would have balanced the aggravating circumstances against the mitigating circumstance of plaintiff's acceptance of responsibility in determining his sentence.  Traverse at 14-15.  The Ninth Circuit in Butler, considering this argument, concluded that "[w]ith regard to a Sixth Amendment sentencing violation,. . . the relevant question is not what the trial court *would* have done, but what it legally *could* have done."  Butler, 2008 U.S. App. LEXIS 12324, at *61.  Legally, the trial court was allowed to sentence petitioner to the upper term based solely upon a finding of his prior convictions alone.  See id. at *44.  "That the judge might not have done so in absence of an additional factor does not implicate the Sixth Amendment."  Id. at *61.  Therefore, the consideration of the second aggravating circumstance and the mitigating circumstance by the trial court, even had it been erroneous, was harmless.

**5.  Conclusion**

Petitioner's sentence did not violate the rule of Apprendi, Blakely, and Cunningham because that rule does not apply to an aggravated sentence based on prior convictions.  Apprendi, 530 U.S. at 490.  Furthermore, any error associated with the consideration of a second aggravating circumstance was harmless.  Accordingly, petitioner is not entitled to habeas relief on his claim.

//

//

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 7/22/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge